Morris Marshall Cohn, J.
The plaintiff’s complaint in this action alleges a standard cause of action for negligence arising out of an accident between an automobile owned by the defendant Richer, and a taxicab owned by the defendant Madore and operated by the defendant Fuller, in which plaintiff was riding as a passenger. The defendants Fuller and Madore, for a separate defense in their answer allege that subsequent to the accrual of the cause of action, plaintiff executed a release to them in the sum of $2,100. In plaintiff’s reply she alleges that she executed the release on April 2,1955, for the agent of these defendants, Fuller and Madore; that she received a draft on April 15, 1955; and that on April 22, 1955, the draft was returned to said agent, alleging it did not represent the complete settlement.
If the plaintiff and the defendants, Fuller and Madore, came to any agreement settling plaintiff’s claim against them, it does *766 not appear anywhere that the same was reduced in writing so as to make applicable sections 33-a to 33-c of the Personal Property Law.
Motion is now made by the plaintiff to strike out paragraphs “ 3 ” and “4” of the answer of the defendants, Fuller and Madore, which allege execution of the release and the tender of a check in payment, on the ground that the same are insufficient in law under rule 109 of the Rules of Civil Practice.
If the check had been cashed by the plaintiff there is no question but that the execution of the release would have been an effective bar to her recovery unless the same were set aside. The question presented here is whether an oral executory settlement whereby a release is taken prior to the payment and acceptance of legal tender, can now be asserted as a defense. In other words, if a claimant has made an improvident settlement and no legal tender has been offered and accepted, can she be required to consummate such a settlement and then be placed to the burden of instituting an action to set aside what she has done, or may she disregard the alleged settlement and sue on her original claim?
It appears to the court that the settlement here was entirely executory and that the operation of the release did not become effective until there was an acceptance of the consideration. The draft having been rejected, the executory agreement falls and the release can not now be considered as a bar to plaintiff’s claim.
Accordingly, plaintiff’s motion to strike out paragraphs “ 3 ” and “ 4 ” of the answer of the defendants, Fuller and Madore, is granted and their motion for a separate trial on the issue of the release is denied.